ODOM, J.
 

 This suit is brought to secure recognition of certain claims aggregating $2,348.16 against the succession of Robert Ruffin Barrow, now under administration by the executrix. There was judgment in favor of plaintiff recognizing its claims to the extent of $1,527.15 and ordering the executrix to pay them in due course of administration. The executrix appealed, and plaintiff asks that the judgment be amended so as to increase the amount to that originally demanded.
 

 ■ These claims arose out of transactions and litigation had in connection with certain appeal bonds which the deceased, Robert Ruffin Barrow, had executed with plaintiff as surety.
 

 In the year 1924, or
 
 prior
 
 thereto, the deceased became involved in certain law suits resulting in judgments from which he appealed suspensively. In one of the cases he executed a suspensive appeal bond in the sum of $24,000, in another a bond of $1,500, and in a third a bond of $450. Plaintiff was surety
 
 on
 
 each of these bonds but, as all the judgments were finally paid or satisfied, plaintiff was never called upon to pay the bonds pr an-y portion of them.
 

 As a condition precedent to the underwriting of said bonds, plaintiff exacted of and obtained from Barrow indemnity agreements by which he agreed to pay the annual premiums thereon amounting to $265, and, at the termination of the suits involved, to furnish plaintiff with satisfactory and conclusive evidence that there was no further liability on the bonds. Apparently no such evidence was ever furnished, and the bonds were never canceled, but remained in full force and effect. A part of plaintiff’s claim is for the amount of these premiums for three years.
 

 The indemnity agreement provided also that Barrow would pay and reimburse plaintiff for all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature which the company should, for any cause, sustain or incur by reason of its having executed the bonds.
 

 Plaintiff alleged and now contends that, as a result of the death of said Barrow and the involved condition of his succession, it found it advisable to employ counsel to protect its rights and interests in connection with its liability on the bonds, and that cértain legal actions were initiated through counsel and certain expenses were incurred in connection
 
 *45
 
 therewith. Plaintiff demands the amouni of the expenses and the fee of the attorney.
 

 Taking up first the demand for premiums on the bonds, we find this claim well established. The premiums were not paid for either of the years ending December 15, 1928, December 15, 1929, or December 15, 1930. The only defense offered is that the bonds were canceled or set aside by the effect of a certain judgment rendered on July 2, 1927, in the matter of “Oppositions to the account herein filed by Mrs. Jennie T. Tennant, widow of Robert Ruffin Barrow, Testamentary Executrix.” It is unnecessary to discuss the details of that litigation further than to say that there was judgment recognizing the Globe Indemnity Company, the surety on the bonds above referred to, and the plaintiff here, “as a contingent, ordinary creditor of this succession in such sum, if any, not exceeding twenty-five thousand nine hundred and fifty dollars (being the aggregate amount of the bonds) as such opponent may be called upon to pay as surety of the late Robert Ruffin Barrow, on any and all appeal bonds signed by it in the following suits” (naming them).
 

 This judgment did not have the effect of putting an end to the bonds. The contrary is true. The judgment contemplated that the bonds would remain alive. It recognized the bonding company as a creditor of the succession for all amounts it “may be called upon to pay as surety,” etc. The trial judge properly allowed these claims.
 

 Plaintiff originally claimed attorney’s fees amounting to $2,000, but during the trial in the lower court reduced the claim to $1,000. The trial judge reduced the claim to $600, and awarded judgment for that amount.
 

 "We shall not disturb his judgment. Plaintiff offered no testimony concerning the value of the services rendered by'counsel in all the matters and actions relating to its protection as surety on the bonds. The matter of fixing the fee was left up to the trial judge. The major portion of the services were rendered under his eye. He is the only witness. He knows what services were rendered, and is a better judge as to their value than we are.
 

 The balance of plaintiff’s claim amounting to $533.15 consists of items of expense, costs and charges alleged to have been incurred and paid by plaintiff in connection with claims and judicial proceedings concerning its liability on the bonds.
 

 The trial judge allowed these costs and charges to the extent of $132.15. Several of the items rejected were for expenses incurred by plaintiff in its unsuccessful attempt to remove a certain suit involving its liability on the bond for $24,000 from the state to the federal courts. The suit was entitled Robert R. Barrow v. C. A. Duplantes et al., No. 8158 in the District Court. Plaintiff itemizes these amounts as follows: $40 paid R. A. Bazet, clerk, for transcript of record for filing in United States District Court; $15 paid H. J. Carter, clerk United States court, for filing transcript of removal; $8 for premium on removal bond; $9.50 paid Helen Jackson for transcribing testimony; $6.50 paid to Bazet for costs.
 

 Plaintiff was within its rights, of course, in attempting to remove the cause from the state court where it was instituted to the federal court. But it had no right to tax the succession with the costs of the attempt. Counsel
 
 *47
 
 for plaintiff have suggested no reason, and we know of none, why its rights could not have been as fully protected in the state court as in the federal court, "the reasons for the attempted removal are not stated. By the contract of indemnity which Barrow signed, he agreed to reimburse plaintiff for all costs and expenses incurred “by reason or in consequence of said company having entered or executed said bond.” These costs and expenses do not fall within this indemnity agreement.
 

 There is also an item of $300 “paid R. A. Bazet, Clerk of the District Court for preparing the transcript of appeal in case entitled Robert R. Barrow v. C. A. Duplantes et al. No. 8158.”
 

 The record discloses that the judgment in suit No. 8158 on the docket of the District Court has been fully paid and satisfied by the succession of Barrow. The amount of this judgment was placed on the amended account of the executrix which was homologated, and she was ordered to pay the claim. The judgment was not only for the claim in litigation but all costs incurred in connection therewith, including the costs for “preparing transcript of appeal,” which item plaintiff says it paid. Presumably the executrix paid the costs along with the judgment in compliance with f;he order of the court. If she paid the amount of the costs to the clerk, and if plaintiff had previously paid the clerk, the clerk should refund the amount to plaintiff. If the executrix did not pay the clerk, she should now pay plaintiff. But there is no need for a further judgment against her for this item, as she has already been ordered to pay the claim.
 

 The judgment appealed from is affirmed.